# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

RAUL GERARDO RUIZ-MALDONADO
a/k/a Nariz, a/k/a Narizon
ALEXANDER SAMUEL RAMIREZ-RENDON
a/k/a "Licenciado"
IGNACIO MONTES LEON
a/k/a La Guayaba, a/k/a Nacho
MARIA REMEDIOS URRUTIA
MARCO ANTONIO MELCHOR
a/k/a Pelon
DANA SCOTT BALL
JORGE DANIEL MONTES-CERVANTES
a/k/a Patito
JENNY EILEEN URRUTIA
REYNA URRUTIA
CHRISTIAN URRUTIA ROJAS
SAMMAR AIMEE MELCHOR
ANCELMO AYALA
a/k/a Chemo
JOSE MERCED GOMEZ MURILLO
OSCAR MATA GARCIA
SAFA GOBAH
JUAN JOSE RAMOS
ROBERT JOVAUN HARRIS
EFRAIN RAMON PAGAN ROSARIO
NATHANAEL ORTIZ ANDINO

Criminal No/S 4     Erie

**(UNDER SEAL)**



FILED

FEB 17 2015

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

# I. THE INDICTMENT

A Federal Grand Jury returned a sixteen-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to distribute and possess with intent to distribute less than one hundred (100) grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance and less than five (5) grams of methamphetamine, a Schedule II controlled substance<br>From in and around June 2013 to in and around January 2015 | 21 U.S.C. § 846<br>18 U.S.C. § 2 | All |
| 1 | Conspiracy to distribute and possess with intent to distribute five (5) kilograms of more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance<br>From in and around June 2013 to in and around January 2015 | 21 U.S.C. § 846<br>18 U.S.C. § 2 | Ruiz-Maldonado<br>Ramirez-Rendon<br>Leon<br>M. Urrutia<br>M. Melchor<br>Ball<br>Garcia<br>Gobah |

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|-------|--------------|---------------|--------------------|
| 1 | Conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance From in and around June 2013 to in and around January 2015 | 21 U.S.C. § 846 18 U.S.C. § 2 | J. Urrutia R. Urrutia S. Melchor Ayala Ramos Harris Rosario |
| 1 | Conspiracy to distribute and possess with intent to distribute less than five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance From in and around June 2013 to in and around January 2015 | 21 U.S.C. § 846 18 U.S.C. § 2 | Montes-Cervantes Rojas Murillo Andino |
| 1 | Conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance From in and around June 2013 to in and around January 2015 | 21 U.S.C. § 846 18 U.S.C. § 2 | Leon J. Urrutia |

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 2 | Possession with intent to distribute and distribution of less than fifty (50) grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance<br>On or about<br>August 14, 2013 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)<br>18 U.S.C. § 2 | Leon |
| 3 | Possession with intent to distribute and distribution of less than one hundred (100) grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance<br>On or about<br>September 3, 2013 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Leon<br>J. Urrutia<br>Montes-<br>Cervantes |
| 4 | Possession with intent to distribute and distribution of less than one hundred (100) grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance<br>On or about<br>September 18, 2013 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Leon |
| 5 | Possession with intent to distribute and distribution of five (5) grams or more of methamphetamineount of heroin, a Schedule II controlled substance<br>On or about<br>September 24, 2013 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) | Leon |

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|-------|-------------|---------------|--------------------|
| 6 | Possession with intent to distribute and distribution of five (5) grams or more of methamphetamine, a Schedule II controlled substance On or about October 18, 2013 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) | Leon |
| 7 | Possession with intent to distribute and distribution of five (5) grams or more of methamphetamine, a Schedule II controlled substance From on or about November 6, 2013 to on or about November 7, 2013 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) 18 U.S.C. § 2 | Leon J. Urrutia |
| 8 | Possession with intent to distribute and distribution of five (5) grams or more of methamphetamine, a Schedule II controlled substance From on or about November 8, 2013 to on or about December 4, 2013 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) 18 U.S.C. § 2 | Leon J. Urrutia |

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 9 | Possession with intent to distribute and distribution of five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance and less than fifty (50) grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance<br>On or about December 13, 2013 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) and 841(b)(1)(C) | Leon |
| 10 | Possession with intent to distribute and distribution of five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance<br>Between on or about December 11, 2013 And on or about December 13, 2013 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) 18 U.S.C. § 2 | Leon |
| 11 | Retaliation against a witness or informant<br>On or about May 12, 2014 | 18 U.S.C. § 1513(b)(2) | Leon |

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|-------|--------------|---------------|--------------------|
| 12 | Possession with intent to distribute and distribution of five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Scheduled II controlled substance<br>Between on or about September 14, 2014 to on or about September 16, 2014 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) 18 U.S.C. § 2 | Leon<br>M. Urrutia<br>J. Urrutia<br>Montes-Cervantes<br>Garcia<br>Gobah |
| 13 | Possession with intent to distribute and distribution of less than five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance<br>On or about October 28, 2014 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) 18 U.S.C. § 2 | M. Urrutia<br>S. Melchor<br>Harris |
| 14 | Drug-involved premises; making available for use<br>From in and around August 2013 to in and around January 2015 | 21 U.S.C. § 856(a)(2) | Rojas |
| 15-16 | Money laundering<br>On or about May 12, 2014 | 18 U.S.C. § 1956(a)(1)(B)(i) | M. Melchor |

## II.  ELEMENTS OF THE OFFENSES

### A.  As to Count 1 for all defendants:

In order for the crime of conspiracy to distribute and possess with intent to distribute less than one hundred (100) grams of a mixture and substance containing a detectable amount of heroin and less than five (5) grams of methamphetamine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance.

2.  That the defendant was a party to or member of that agreement.

3.  That the defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

4.  That heroin is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I(b)(10).

5. That methamphetamine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(c).

**B. As to Count 1 for defendants Ruiz-Maldonado, Ramirez-Rendon, Leon, M. Urrutia, M. Melchor, Ball, Garcia and Gobah:**

In order for the crime of conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

4. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

5. That the mixture and substance containing a detectable amount of cocaine attributable to the defendants as a result of their own conduct and the conduct of conspirators reasonably foreseeable to them was five (5) kilograms or more. 21 U.S.C. § 841(b)(1)(A)(ii). (Apprendi v. New Jersey, 530 U.S. 466 (2000)).

**C. As to Count 1 for defendants J. Urrutia, R. Urrutia, S. Melchor, Ayala, Ramos, Harris and Rosario:**

In order for the crime of conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged

10

conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

4. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

5. That the mixture and substance containing a detectable amount of cocaine attributable to the defendants as a result of their own conduct and the conduct of conspirators reasonably foreseeable to them was five hundred (500) grams or more. 21 U.S.C. § 841(b)(1)(B)(ii). (Apprendi v. New Jersey, 530 U.S. 466 (2000)).

D. **As to Count 1 for defendants Montes-Cervantes, Rojas, Murillo and Andino:**

In order for the crime of conspiracy to distribute and possess with intent to distribute less than five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

4. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

**E. As to Count 1 as to defendants Leon and J. Urrutia:**

In order for the crime of conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of methamphetamine, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged

conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

4. That methamphetamine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(c).

5. That the amount of methamphetamine attributable to the defendants as a result of their own conduct and the conduct of conspirators reasonably foreseeable to them was fifty (50) grams or more. 21 U.S.C. § 841(b)(1)(A)(viii). (Apprendi v. New Jersey, 530 U.S. 466 (2000)).

F.   As to Count 2:

In order for the crime of possession with intent to distribute and distribution of less than fifty (50) grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant distributed or possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716
> F.2d 955, 967 (2d Cir. 1983);
> United States v. Wright, 593 F.2d
> 105, 107-108 (9th Cir. 1979);
> United States v. Tighe, 551 F.2d

13

18, 21 (3d Cir.), <u>cert. denied,</u> 434
U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

<u>United States v. Jewell,</u> 532
F.2d 697, 699-700 (9th Cir.), <u>cert.
denied,</u> 426 U.S. 951 (1976);
<u>United States v. Kairouz,</u> 751 F.2d
467, 469 (1st Cir. 1985).

3. That methamphetamine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(c).

## G.    As to Count 3:

In order for the crime of possession with intent to distribute and distribution of less than one hundred (100) grams of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant distributed or possessed with intent to distribute the controlled substance charged in the Indictment.

<u>United States v. Lartey,</u> 716
F.2d 955, 967 (2d Cir. 1983);
<u>United States v. Wright,</u> 593 F.2d
105, 107-108 (9th Cir. 1979);
<u>United States v. Tighe,</u> 551 F.2d
18, 21 (3d Cir.), <u>cert. denied,</u> 434
U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That heroin is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I(b)(10).

**H. As to Count 4:**

In order for the crime of possession with intent to distribute and distribution of less than one hundred (100) grams of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant distributed or possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532
> F.2d 697, 699-700 (9th Cir.), cert.
> denied, 426 U.S. 951 (1976);
> United States v. Kairouz, 751 F.2d
> 467, 469 (1st Cir. 1985).

3. That heroin is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I(b)(10).

**I.  As to Counts 5 and 6:**

In order for the crime of possession with intent to distribute and distribution of five (5) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant distributed or possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716
> F.2d 955, 967 (2d Cir. 1983);
> United States v. Wright, 593 F.2d
> 105, 107-108 (9th Cir. 1979);
> United States v. Tighe, 551 F.2d
> 18, 21 (3d Cir.), cert. denied, 434
> U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532
> F.2d 697, 699-700 (9th Cir.), cert.
> denied, 426 U.S. 951 (1976);
> United States v. Kairouz, 751 F.2d
> 467, 469 (1st Cir. 1985).

3.  That methamphetamine is a Schedule II controlled substance.

> 21 C.F.R. § 1308.12(d); United States v. Gori, 324 F.3d, 234, 240 (3d Cir. 2003).

4.  That the amount of methamphetamine was five (5) grams or more. 21 U.S.C. § 841(b)(1)(B)(viii).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

**J.  As to Counts 7 and 8:**

In order for the crime of possession with intent to distribute and distribution of five (5) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) to be established, the government must prove all of the following elements beyond a reasonable doubt:

1.  That on or about the date set forth, the defendant distributed or possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2.  That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532
> F.2d 697, 699-700 (9th Cir.), cert.
> denied, 426 U.S. 951 (1976);
> United States v. Kairouz, 751 F.2d
> 467, 469 (1st Cir. 1985).

3. That methamphetamine is a Schedule II controlled substance.

> 21 C.F.R. § 1308.12(d); United
> States v. Gori, 324 F.3d, 234, 240
> (3d Cir. 2003).

4. That the amount of methamphetamine was five (5) grams or more. 21 U.S.C. § 841(b)(1)(B)(viii).

> Apprendi v. New Jersey, 530 U.S.
> 466 (2000).

**K.   As to Count 9:**

In order for the crime of possession with intent to distribute and distribution of five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) and less than fifty (50) grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant distributed or possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716
> F.2d 955, 967 (2d Cir. 1983);
> United States v. Wright, 593 F.2d
> 105, 107-108 (9th Cir. 1979);
> United States v. Tighe, 551 F.2d
> 18, 21 (3d Cir.), cert. denied, 434
> U.S. 823 (1977).

2.  That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532
> F.2d 697, 699-700 (9th Cir.), cert.
> denied, 426 U.S. 951 (1976);
> United States v. Kairouz, 751 F.2d
> 467, 469 (1st Cir. 1985).

3.  That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

4.  That the mixture or substance containing a detectable amount of cocaine was five hundred (500) grams or more.  21 U.S.C. § 841(b)(1)(B)(ii).

> Apprendi v. New Jersey, 530 U.S.
> 466 (2000).

5.  That methamphetamine is a Schedule II controlled substance.

> 21 C.F.R. § 1308.12(d); United
> States v. Gori, 324 F.3d 234, 240
> (3d Cir. 2003).

L.  **As to Count 10:**

In order for the crime of possession with intent to distribute and distribution of five hundred (500) grams or more of a mixture and substance containing a detectable amount of

cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant distributed or possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

4. That the mixture or substance containing a detectable amount of cocaine was five hundred (500) grams or more. 21 U.S.C. § 841(b)(1)(B)(ii).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

**M. As to Count 11:**

In order for the crime of retaliation against a witness or informant, in violation of 18 U.S.C. § 1513(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant knowingly engaged in conduct.

    2.    That the defendant's conduct either threatened or caused bodily injury to another person.

    3.    That the defendant acted with the intent to retaliate for information given by that person to a law enforcement officer relating to the commission, or possible commission, of a federal offense.

    18 § 1513(b)(2); U.S. v. Cofield,
    11 F.3d 413, 419 (4th Cir. 1993).

**N. As to Count 12:**

In order for the crime of possession with intent to distribute and distribution of five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant distributed or possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

4. That the mixture or substance containing a detectable amount of cocaine was five hundred (500) grams or more. 21 U.S.C. § 841(b)(1)(B)(ii).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

O. **As to Count 13:**

In order for the crime of possession with intent to distribute and distribution of less than five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That on or about the date set forth, the defendant distributed or possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2.   That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3.   That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

**P.   As to Count 14:**

In order for the crime of using or maintaining a drug involved premises, in violation of 21 U.S.C. § 856(a)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant managed or controlled a place as its owner, lessee, agent, employee, occupant, or mortgagee.

2.   That the defendant knowingly rented or leased the place, profited from the place, or made the place available to use, with or without compensation.

3.   That the defendant did so for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.   The government is not required to prove that was the defendant's sole purpose.

> 7th   Cir.   Criminal   Jury Instructions; 8th Cir. Model Jury Instructions.

**Q.   As to Counts 15 and 16:**

In order for the crime of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That on or about the date alleged in the indictment, Marco Antonio Melchor conducted or attempted to conduct a financial transaction, which affected interstate commerce.

2.   That Marco Antonio Melchor conducted the financial transaction with the proceeds of a specified unlawful activity, that is, distribution of a controlled substance.;

3. That Marco Antonio Melchor knew the transaction involved the proceeds of some form of unlawful activity.

4. That Marco Antonio Melchor conducted the financial transaction with knowledge that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of specific unlawful activity.

Third Circuit Model Criminal Jury Instruction 6.18.1956A.

## III. PENALTIES

A. As to Count 1 as to all defendants: Conspiracy to distribute and possess with intent to distribute less than one hundred (100) grams of a mixture and substance containing a detectable amount of heroin and possession with intent to distribute and distribution of less than five (5) grams of methamphetamine (21 U.S.C. § 846 and 18 U.S.C. § 2):

1. A term of imprisonment of not more than twenty (20) years.

2. A fine not to exceed $1,000,000.

3. A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not more than thirty (30) years.

2. A fine not to exceed $2,000,000.

3. A term of supervised release of at least six (6) years.

    **B. As to Count 1 as to defendants Ruiz-Maldonado, Ramirez-Rendon, Leon, M. Urrutia, M. Melchor, Ball, Garcia and Gobah: Conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine (21 U.S.C. § 846 and 18 U.S.C. § 2):**

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $4,000,000.

3. A term of supervised release of at least five (5) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not less than twenty (20) years to a maximum of life.

2. A fine not to exceed $8,000,000.

3. A term of supervised release of at least ten (10) years.

For a third or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A mandatory sentence of life imprisonment.

2. A fine not to exceed $8,000,000.

C. **As to Count 1 as to defendants J. Urrutia, R. Urrutia, S. Melchor, Ayala, Ramos, Harris, and Rosario: Conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of cocaine (21 U.S.C. § 846 and 18 U.S.C. § 2):**

1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2. A fine not to exceed $5,000,000.

3. A term of supervised release of at least four (4) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $8,000,000.

3. A term of supervised release of at least eight (8) years.

D. **As to Count 1 as to defendants Montes-Cervantes, Rojas, Murillo and Andino: Conspiracy to distribute and possess with intent to distribute less than five hundred (500) grams of cocaine (21 U.S.C. § 846 and 18 U.S.C. § 2):**

1. A term of imprisonment of not more than twenty (20) years.

2. A fine not to exceed $1,000,000.

3. A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not more than thirty (30) years.

2. A fine not to exceed $2,000,000.

3. A term of supervised release of at least six (6) years.

**E.** **As to Count 1 as to defendants Leon and J. Urrutia: Conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of methamphetamine (21 U.S.C. § 846 and 18 U.S.C. § 2):**

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $4,000,000.

3. A term of supervised release of at least five (5) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not less than twenty (20) years to a maximum of life.

2. A fine not to exceed $8,000,000.

3. A term of supervised release of at least ten (10) years.

For a third or subsequent felony drug conviction that is final, whether federal, state, or foreign:

    1. A mandatory sentence of life imprisonment.

    2. A fine not to exceed $8,000,000.

**F. As to Count 2: Possession with intent to distribute and distribution of less than fifty (50) grams of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

    1. A term of imprisonment of not more than twenty (20) years.

    2. A fine not to exceed $1,000,000.

    3. A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

    1. A term of imprisonment of not more than thirty (30) years.

    2. A fine not to exceed $2,000,000.

    3. A term of supervised release of at least six (6) years.

G. **As to Counts 3 and 4: Possession with intent to distribute and distribution of less than one hundred (100) grams of a mixture and substance containing a detectable amount of heroin (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

1. A term of imprisonment of not more than twenty (20) years.

2. A fine not to exceed $1,000,000.

3. A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not more than thirty (30) years.

2. A fine not to exceed $2,000,000.

3. A term of supervised release of at least six (6) years.

H. **As to Counts 5, 6, 7 and 8: Possession with intent to distribute and distribution of five (5) grams or more of methamphetamine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii)):**

1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2. A fine not to exceed $5,000,000.

3. A term of supervised release of at least four (4) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

    1.    A term of imprisonment of not less than ten (10) years to a maximum of life.

    2.    A fine not to exceed $8,000,000.

    3.    A term of supervised release of at least eight (8) years.

    **I.    As to Count 9: Possession with intent to distribute and distribution of five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine and less than fifty (50) grams of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and 841(b)(1)(C)):**

    1.    A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

    2.    A fine not to exceed $5,000,000.

    3.    A term of supervised release of at least four (4) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

    1.    A term of imprisonment of not less than ten (10) years to a maximum of life.

    2.    A fine not to exceed $8,000,000.

    3.    A term of supervised release of at least eight (8) years.

**J.** **As to Count 10: Possession with intent to distribute and distribution of five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)):**

1.   A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2.   A fine not to exceed $5,000,000.

3.   A term of supervised release of at least four (4) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.   A term of imprisonment of not less than ten (10) years to a maximum of life.

2.   A fine not to exceed $8,000,000.

3.   A term of supervised release of at least eight (8) years.

**K.** **As to Count 11: Retaliation against a witness or informant (21 U.S.C. § 1513(b)(2)):**

1.   A term of imprisonment of not more than ten (10) years (18 U.S.C. § 1513).

2.   A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.   A term of supervised release of three (3) years (18 U.S.C § 3583).

**L.** **As to Count 12: Possession with intent to distribute and distribution of five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)):**

1.   A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2.   A fine not to exceed $5,000,000.

3.   A term of supervised release of at least four (4) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.   A term of imprisonment of not less than ten (10) years to a maximum of life.

2.   A fine not to exceed $8,000,000.

3.   A term of supervised release of at least eight (8) years.

**M.** **As to Count 13: Possession with intent to distribute and distribution of less than five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

1.   A term of imprisonment of not more than twenty (20) years.

2.   A fine not to exceed $1,000,000.

3.   A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

> 1.  A term of imprisonment of not more than thirty (30) years.

> 2.  A fine not to exceed $2,000,000.

> 3.  A term of supervised release of at least six (6) years.

**N.  As to Count 14: Using or maintaining a drug involved premises (21 U.S.C. § 856(a)(2)):**

> 1.  A term of imprisonment of not more than twenty (20) years.

> 1.  A fine not to exceed $500,000.

> 3.  A term of supervised release of not more than three (3) years.

**O.  As to Counts 15 and 16: Money laundering (18 U.S.C. § 1956(a)(1)(B)(i)):**

> 1.  Imprisonment for not more than twenty (20) years.

> 2.  A fine of not more than the greater of:

> > (1)  $500,000

> > <u>or</u>

> > (2)  Twice the value of the property involved in the transaction.

3. A term of supervised release of not more than five (5) years.

## IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Not applicable in this case.

## VI. **FORFEITURE**

As set forth in the indictment, forfeiture may be applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

MARSHALL J. PICCININI
Assistant U.S. Attorney
PA ID No. 56362